UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

XXAVIER JONES,

           Petitioner,

   v.                                CAUSE NO. 3:22-CV-369-DRL-MGG

WARDEN,

           Respondent.

## OPINION AND ORDER

Xxavier Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-11-8) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a controlled substance in violation of Indiana Department of Correction Offense 202. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Jones argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He contends that the evidence record form did not indicate where the controlled substances were stored after they were confiscated. He also contends that the laboratory test in the administrative record predates the conduct report and screening date, so could not have pertained to the controlled substances that were the subject of his disciplinary proceedings.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes an evidence record form indicating that, on November 2, 2021, yellow crystal substances and rolling papers were found in a blue locker belonging to Mr. Jones. ECF 1-2 at 4. It includes test results, dated November 2, 2021, indicating the presence of synthetic marijuana. *Id.* at 5. It also includes Mr. Jones' testimony that the controlled substance was found next to his bed. *Id.* at 2. The evidence record form, the test results, and Mr. Jones' testimony constitute some evidence that possessed a controlled substance.

Documenting the storage location of the controlled substance may have made an evidentiary mix-up less likely, but the mere failure to document the storage location does not deprive the evidence record form and the test results of all probative value. Mr. Jones further alleges that correctional staff tested the controlled substance only after he requested it at screening on November 4, 2021, and that the November 2 date on the test results suggests that they pertained to some unrelated substance. However, he offers no explanation as to why it could not have been a typographical error as suggested by an

Appeals Review Officer.[1] ECF 1-2 at 3. It is also unclear why correctional staff could not have tested the controlled substance on the date of confiscation instead of or in addition to conducting the test following Mr. Jones' request. Though Mr. Jones raises reasonable concerns about the evidence record form and the test results, these questions relate to credibility; and, on habeas review, this court declines to reevaluate the comparative weight or the credibility of the evidence underlying the hearing officer's finding of guilt. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Because Mr. Jones has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Jones wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Xxavier Jones leave to proceed *in forma pauperis* on appeal.

---

[1] More specifically, Mr. Jones argues that incorrect dates or times are too significant to be considered typographical errors. Though he disputes the terminology, he offers no basis for questioning the Appeals Review Officer's suggestion that the date on the test results was simply a mistake.

SO ORDERED.

May 16, 2022                    *s/ Damon R. Leichty*
                               Judge, United States District Court